UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>       v.<br><br>JEREMY CEDENO,<br>                *Defendant.* | 21 Cr. 17 (KPF) |

**Order Re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS defendant JEREMY CEDENO has conveyed his intention to file a petition under 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after discussing the anticipated petition with CEDENO's current counsel, has concluded that the testimony of CEDENO's former counsel, Daniel McGuinness, Esq. ("Counsel"), will be needed to allow the Government to respond to the petition; and

WHEREAS the defendant, through his current counsel, consents to the Government's request on the basis that that the testimony of Counsel will be needed to allow the Government to respond to the anticipated petition; and

WHEREAS by filing such a petition, CEDENO will necessarily waive the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

2024.08.01

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and

IT IS FURTHER ORDERED that CEDENO execute and return to this Court the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form.

Dated:    New York, New York
          April 7, 2026

The Clerk of Court is directed to terminate the pending motion at docket entry 406.

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.                                                                    **21 Cr. 17 (KPF)**

JEREMY CEDENO,
                        *Defendant.*

**Attorney-Client Privilege Waiver (Informed Consent)**

To:    JEREMY CEDENO

The Court understands that you intend to file a petition under Section 2255 of Title 28, United States Code, on the ground that you received ineffective assistance from your former lawyer, Daniel McGuinness, Esq. (referred to in this form as "your former attorney"). Based on its understanding of your anticipated grounds for this petition, including from your current counsel, the Court has determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your petition.

By making such a petition, you waive the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to the Court's Order. The Court has already issued an Order (copy attached) directing your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with a petition claiming that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a Court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your petition.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the Court will deny your petition if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized. If the Court does not receive this form, signed by you and notarized, the Court will automatically deny your petition.

2024.08.01

## <u>NOTARIZED AUTHORIZATION</u>

I have read the Court's Order dated _____, 2026 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Daniel McGuinness, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my anticipated petition claiming ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to the Court's Order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my petition.

Date: _____

Petitioner's Signature: _____

Petitioner's Printed Name: _____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public

2

**Attorney-Client Privilege Waiver (Informed Consent)**